UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SERGIO MIRAMONTES-MALDONADO,<br><br>    Defendant. | Case No. 1:19-cr-00060-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it the Government's Motion to Revoke Release Order (Dkt. 23). Having reviewed the briefs and the record in this case, the Court will deny the Government's motion and order release on the same conditions imposed by Magistrate Judge Dale at the March 14, 2019 detention hearing.

## BACKGROUND

On February 7, 2019 Sergio Miramontes-Maldonado was arrested and subsequently charged with one count of Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326. Dkt. 1. The Government moved to detain Mr. Miramontes pending trial based on risk of flight. Dkt. 4. Initially, Mr. Miramontes waived detention. Dkt. 11. Fourteen days later, however, Mr. Miramontes changed his mind and moved to reopen the detention hearing. Dkt. 13. Following a detention hearing held on March 14, 2019, Magistrate Judge Dale ordered that Mr. Miramontes be released pending trial, primarily relying on his ties to the community. See Dkt. 17-4. Magistrate Judge Dale

stayed Mr. Miramontes' release at the request of the Government, pending resolution of this Motion. Dkt. 15.

## LEGAL STANDARD

Under the Bail Reform Act of 1984, as amended, Congress has determined that any person charged with an offense under the federal criminal laws shall be released pending trial, subject to appropriate conditions, unless a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). Under the Act, the court has a duty to engage in a two-step procedure before ordering that a defendant be detained: first, the court must make a finding as to whether the defendant presents a serious risk of flight if not detained; if so, then the court must determine whether any set of conditions would sufficiently abate that risk. In that second step, the court considers four factors outlined in § 3142(g) (including the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the defendant, and the nature of the danger, if any, posed to the community upon release). The Act mandates release under the least restrictive conditions unless the Government shows by a preponderance of the evidence that no such conditions can reasonably assure the appearance of the defendant. See 18 U.S.C. § 3142(c).

When a defendant has been ordered released by a Magistrate Judge, the Government may file a motion for revocation of that order in a court with original jurisdiction over the offense. 18 U.S.C. § 3145(a)(1); *see also* Fed. R. Crim. P. 59. The Court must "review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). When, as here, the record is developed before the magistrate judge, the district court may elect to rely on that record rather than conduct a second hearing. *See id.*

## ANALYSIS

The parties agree Mr. Miramontes is not a danger to the community, so the only question before the Court is whether the Government has proved by a preponderance of the evidence that the Defendant is a serious flight risk and no condition or combination of conditions will reasonably assure that Mr. Miramontes will voluntarily appear. *See United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir.1991). To determine whether a defendant should be confined pending trial, the Court must perform an analysis of the factors laid out in 18 U.S.C. § 3142(g), regardless of Mr. Miramontes' immigration status. *Santos-Flores*, 794 F.3d at 1090. Those factors include "the nature and circumstances of the offense; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by the person's release." 18 U.S.C. § 3142(g). The parties dispute whether Mr. Miramontes' "history and characteristics" justify pretrial detention. After reviewing the briefs and the record from the March 14, 2019 detention

hearing, the Court finds the Government has not met its burden, and will order release on the same conditions initially imposed by Magistrate Judge Dale.

The Ninth Circuit has made clear that "[o]nly in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *Santos-Flores* 794 F.3d at 1090. The Government points the Court to Mr. Miramontes' "flagrant disregard of the immigration laws, use of fraudulent identification to travel between Mexico and the United States, and refusal to engage in the proper recourse to legally stay in the United States" to prove that he is a flight risk. Dkt. 17 at 7. The only instances of misconduct the Government can muster, however, are decades-old and do not establish that Mr. Miramontes is likely to flee pending trial. The Government cites evidence that Mr. Miramontes was deported three times between 1991 and 2000, is a Mexican citizen, and was holding an expired Oregon license when detained by ICE last month. Dkt. 17 at 3. The Government also argues Mr. Miramontes has a "long history of using fraudulent identification to travel between Mexico and the United States," but only points to one attempted border crossing "twenty years ago." *Id.* at 3-4. In essence, the Government argues that because Mr. Miramontes has been "flout[ing] United States law by continuously disobeying the prohibition of his entry," there is no reason to believe he would obey this Court's order to remain in the district pending trial. *Id.* at 5.

But the Government's arguments ignore Mr. Miramontes' lack of serious criminal history, his significant ties to the region, and strong family and community support, all of which suggest at least as strongly that he is not a "serious flight risk." Mr. Miramontes has lived in Caldwell, ID for the past 17 years, managed a restaurant there for the past

**ORDER - 4**

ten, and has no significant criminal history. *See* Dkt. 19 at 1-2. Mr. Miramontes has raised four children in Idaho, all U.S. citizens, all of whom also live in Caldwell. *Id.* at 2. Furthermore, at the March 14, 2019 release hearing before Judge Dale, there was overwhelming evidence presented of Mr. Miramontes' strong moral character and sense of responsibility. *Id.* And, perhaps most compelling, the two times Mr. Miramontes has needed to appear in court, he has done so without issue. Dkt. 19 at 12. Based on the significant evidence of Mr. Miramontes' community ties to Idaho and his compliance with prior court orders to appear, the Court finds, consistent with Magistrate Judge Dale, that Mr. Miramontes is not a serious flight risk.[1]

Because the Government has failed to show by a preponderance of the evidence that Mr. Miramontes is a serious flight risk or that "no conditions could reasonably assure his appearance in court," the Court will deny its motion and order Mr. Miramontes' release on the conditions originally imposed by Magistrate Judge Dale. *See* Dkt. 16.

**ORDER**

---

[1] In making this determination, I am mindful that I have, in past cases, concluded that defendants facing charges related to illegal immigration pose an inherent flight risk because of the likelihood that they will be deported following the conclusion of the criminal proceedings. *United States v. Antonio Espinoza-Galvan*, Case No. 1:06-cr-00006-MHW, ECF 24, 14 (D. Idaho 2006). In those cases, I was concerned that there was every incentive for a defendant to avoid prosecution by fleeing the jurisdiction and either returning to their home country or reverting to a life-style of living beneath the radar as an illegal alien. But this case is unique – the exception that proves the rule. Mr. Miramontes-Maldonado's cultural assimilation sets this apart from almost any other. His past efforts to use fraudulent means to evade detection and deportation are almost 20 years old, he has raised a family here, he has become a valued member of his community, has been gainfully employed in a position of trust, and has contributed to society in a number of ways. Simply put, the cost-benefit analysis in deciding whether to remain in the U.S. through the completion of the criminal process is very different for Mr. Miramontes than it was in the other cases where I reached a different conclusion.

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that:

1. The Government's Motion to Revoke Release Order (Dkt. 17) is DENIED.

2. The Defendant, Sergio Miramontes-Maldonado, is ORDERED to be released subject to the conditions set forth in the Release Order (Dkt. 16).

DATED: April 9, 2019

B. Lynn Winmill
U.S. District Court Judge