FILED
DEC 10 2021
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>SERGIO MIRAMONTES-MALDONADO,<br><br>    Defendant-Appellant. | No.  20-30178<br><br>D.C. Nos.<br>1:19-cr-00060-BLW-1<br>1:19-cr-00060-BLW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted December 6, 2021**
Seattle, Washington

Before: McKEOWN, CHRISTEN, and MILLER, Circuit Judges.

Sergio Miramontes-Maldonado appeals his criminal conviction for one count of illegal reentry pursuant to 8 U.S.C. § 1326.  Miramontes-Maldonado filed a motion to dismiss the indictment in the district court, arguing that the exclusion

---

    *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order underlying the illegal reentry charge violated his right to due process because the order was "fundamentally unfair." The district court denied the motion, and Miramontes-Maldonado entered a conditional plea. We review de novo. *See United States v. Camacho-Lopez*, 450 F.3d 928, 929 (9th Cir. 2006). We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recite them here.

Miramontes-Maldonado argues that his original exclusion hearing in 1997 violated his right to due process for three reasons: (1) he was not advised of his eligibility to request that his application be withdrawn; (2) he was not advised in Spanish of the underlying immigration charges; and (3) the immigration court failed to preserve a verbatim recording of his exclusion hearing. Miramontes-Maldonado has the burden of showing both that the exclusion hearing violated his due process rights and that he suffered prejudice from these defects. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004).

We conclude Miramontes-Maldonado has not met his burden of establishing a due process violation. In pre-Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) exclusion proceedings, a non-citizen was entitled only to those rights provided by statute and regulation. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("It is well established that certain constitutional

2

protections available to persons inside the United States are unavailable to aliens outside of our geographic borders.") (internal citations omitted); *see also United States v. Barajas-Alvarado*, 655 F.3d 1077, 1088 (9th Cir. 2011). Miramontes-Maldonado has not identified a statute that entitled him to a recording of his hearing, and we have held that the absence of an audio recording of a prior deportation hearing does not necessarily violate due process, so long as "other means were available for [Miramontes-Maldonado] to challenge the validity of his prior deportation hearings, such as his own memory, witnesses, and other information within his [immigration] file." *United States v. Medina*, 236 F.3d 1028, 1032 (9th Cir. 2001).

Miramontes-Maldonado's contrary authority involved a permanent resident, not an unadmitted alien. *See Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011). Nor has Miramontes-Maldonado identified a statutory right to be informed of his eligibility to request withdrawal of his application. In the context of an expedited removal preceding, we have held that a non-citizen does not have the right to be informed of this eligibility. *See, e.g.*, *United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1112 (9th Cir. 2013). Finally, Miramontes-Maldonado has not established that he did not receive a translation of his charges, nor has he shown that he

3

required a translator. We thus affirm the district court's conclusion that Miramontes-Maldonado has not established a due process violation.

Even if we were to decide that Miramontes-Maldonado established a due process violation, however, he has not shown that he was prejudiced. To show prejudice, "[w]here the relevant form of relief is discretionary, the alien must 'make a "plausible" showing that the facts presented would cause the Attorney General to exercise discretion in his favor.'" *Barajas-Alvarado*, 655 F.3d at 1089 (quoting *United States v. Acre–Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998)). Although Miramontes-Maldonado cites various equitable factors to argue he would have been allowed to withdraw his application in the absence of the cited defects, he also applied for admission with a fraudulent document, and we have held that an alien who intentionally presents fraudulent immigration documents likely would not be allowed to withdraw his application, *see, e.g., id.* (citing *In Re Gutierrez*, 19 I. & N. Dec. 562 (BIA 1988)). We thus agree that Miramontes-Maldonado has not shown prejudice, and we affirm the district court's denial of his motion to dismiss the indictment.

**AFFIRMED.**

4